**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
BRUCESTAN T. JORDAN,                :
                                    :   Civil Action No. 10-4398 (AET)
              Plaintiff,            :
                                    :
         v.                         :
                                    :
STATE OF NJ, et al.,                :       O P I N I O N
                                    :
              Defendants.           :
_____:
```

**APPEARANCES:**

Brucestan T. Jordan, Pro Se
# 18106075
Federal Correctional Institution
P.O. Box 779800
Miami, FL 33177

**THOMPSON**, District Judge

Plaintiff, Brucestan Jordan, currently confined at the Federal Correctional Center, Miami, Florida, seeks to bring this action alleging violations of his constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915. At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's complaint will be dismissed.

**BACKGROUND**

On August 20, 2010, Plaintiff filed this complaint asserting violations of his constitutional rights, and an application to proceed in forma pauperis. Plaintiff's complaint raises issues concerning the Interstate Agreement on Detainers Act ("IAD"), speedy trial claims, detainer claims, and claims concerning Plaintiff's competency hearing and commitment to a mental hospital. Plaintiff also raises an access to courts claim, asserting obstruction or delay with his mail.

In particular, Plaintiff asserts that in April of 2008, he was transferred to the State of New Jersey under the IAD. (Complt., ¶ 19). Plaintiff challenged the jurisdiction of the New Jersey state courts. He was ordered to undergo psychiatric evaluation, and was found competent to stand trial. Plaintiff wanted to represent himself at trial, but was assigned a public defender, defendant Accettola. (Complt., ¶¶ 20-22).

Plaintiff's IAD was extended and he was again evaluated to see if he was competent to stand trial. At some point Plaintiff was committed to Trenton Psychiatric Hospital, and was held at the hospital for over 45 days. (Complt., ¶¶ 23-30). Plaintiff was found incompetent to stand trial, and was returned to federal prison until he was competent to stand trial. Plaintiff was returned to FCI Miami on or about May 4, 2009. (Complt., ¶ 32). Plaintiff claims that defendants did not provide him with appeal

papers in a timely manner, and he was unable to appeal the competency order. (Complt., ¶ 33).

Plaintiff first alleges that his First Amendment access to courts rights were violated when his legal mail was withheld, preventing him from exhausting his state court remedies. (Complt., ¶¶ 34-37). Next, Plaintiff alleges that his Sixth Amendment right to a speedy trial has been violated. (Complt., ¶¶ 38-43). He also asserts that his attorneys, defendants from the public defender's office, should have moved to dismiss the indictment against him, and failed to properly represent him at the IAD hearings. (Complt., ¶¶ 41-52). Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. He seeks an award of monetary damages and injunctive relief.

## DISCUSSION

### A. Standards for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A.  This action is subject to <u>sua sponte</u> screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  <u>See also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed. R. Civ. P.</u> 8(a)(2).  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Must Be Dismissed.**

Plaintiff previously raised his claims concerning his detainer, speedy trial, and his competency proceedings before the Court in Jordan v. Superior Court of NJ, 09-cv-3187 (MLC), as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  In that case, the Honorable Mary L. Cooper, of this Court, examined the IAD claims, the detainer claims, and the claims concerning Plaintiff's competency hearing, and found that they were without merit, or were not exhausted in state court.  The Court also noted that it must abstain from any decision not yet adjudicated in state court under Younger v. Harris, 401 U.S. 37 (1971).  The substance of Judge Cooper's Opinion can be found in the docket of that case, at docket entry 22, and this Court assumes Plaintiff's familiarity with same.

As noted in Judge Cooper's Opinion, Plaintiff's due process and speedy trial claims are not cognizable under § 1983.  The Younger doctrine, infra, forbids federal court interference in pending state court proceedings.  Federal courts should not permit the claimed denial of a speedy trial to result in the "'derailment of a pending state proceeding.'" Moore v. DeYoung, 515 F.2d at 446 (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 491 (1973)).  In United States v. MacDonald, 435 U.S. 850, 858 (1978), the Supreme Court clarified that speedy trial claims are to be considered after the facts have developed at trial and that the Speedy Trial Clause "does

not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." Id. at 861.  To the extent that Plaintiff might seek release, such request is not cognizable under § 1983 because the exclusive federal remedy for an inmate challenging his confinement is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973). Because Plaintiff's speedy trial/due process claim is not cognizable under § 1983 and must be brought in a petition for writ of habeas corpus after Plaintiff has exhausted state court remedies, see Braden, 410 U.S. 484; Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975), his claims must be dismissed.

**D**     **Access to Courts Claim**

Further, Plaintiff claims that he has not exhausted his state court remedies because defendants Edmond Cicchi, the warden of the Middlesex County Correctional Institution, and Brian Fenyak (presumably an employee at the Middlesex County Correctional Institution), "started to selectively withhold the plaintiff's legal mail and wouldn't send out and allow me to receive said mail which obstructed the plaintiff from filing his state administrative remedies and denied the plaintiff access to the court."  (Complt., ¶ 31).

In Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court stated that, in order to present a claim for denial of

7

access to courts, the inmate must assert facts showing each of the following three elements: (1) a non-frivolous, underlying legal claim that the inmate was pursuing in connection with his criminal prosecution or his conditions of confinement; (2) that official acts successfully frustrated that litigation; and (3) an actual loss of claim or defense resulted from such official actions, thereby providing grounds by which the court could grant a remedy to compensate for the lost opportunity. See id. at 415. In this case, Plaintiff alleges facts that he was unable to exhaust his state court remedies due to the alleged mail infringements.  However, Plaintiff does not plead that he sought to file a non-frivolous, underlying legal claim in connection with his criminal prosecution, and that an actual loss of defense or claim resulted.  Plaintiff's factual allegations are unclear in this respect.  He states only that he was prevented from "exhausting his administrative remedies" (Complt., ¶ 35), and that his "appeal forms" were withheld (Complt., ¶ 36).  Plaintiff does not claim that he could not appeal without these forms, or that his appeal concerned his criminal prosecution.  As such, his access to courts claims must be dismissed, without prejudice.

**E.**   **Certain Defendants**

Plaintiff names a number of defendants who may not be sued in a § 1983 action, including the State of New Jersey (11th Amendment immunity), see Edelman v. Jordan, 415 U.S. 651, 663

(1974), prosecutors Milgram, Kaplan, and Carver (prosecutorial immunity), see Imbler v. Pachtman, 424 U.S. 409, 410 (1976), judges Nieves and DeVesa (judicial immunity), see Mireles v. Waco, 502 U.S. 9 (1991), public defenders Barker, Accettola, and Segars (not "state actors"), see Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Thus, the claims against these defendants must be dismissed.

## CONCLUSION

For the reasons set forth above, the complaint must be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

However, a District Court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).  Plaintiff may be able to assert facts in an amended complaint stating a cognizable claim under § 1983 against proper defendants. Thus, this Court will grant Plaintiff leave to file a motion to reopen and an amended complaint, stating a cognizable § 1983 claim.  If Plaintiff elects to file an amended complaint asserting a § 1983 claim, he should comply with the pleading requirements of Iqbal within 30 days.

9

An appropriate order accompanies this opinion.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON
United States District Judge

Dated: March 1, 2011