**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRUCESTAN T. JORDAN,

Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

Defendants.

Civil Action No. 10-4398 (AET)

**OPINION**

RECEIVED
DEC 19 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

Brucestan T. Jordan, Pro Se
P.O. Box 2927
Plainfield, NJ 07062

**THOMPSON**, District Judge

Plaintiff, Brucestan Jordan, confined at the Federal Correctional Center, Miami, Florida, at the time he commenced this case, has filed two motions that remain pending on this docket: a motion for preliminary injunction (docket entry 6) and an emergent motion for a writ of mandamus (docket entry 14). In addition Plaintiff's Amended Complaint awaits screening (docket entry 5-1). For the following reasons, the motions will be denied. Concerning the Amended Complaint, screened by this Court pursuant to 28 U.S.C. § 1915, Plaintiff's access to courts and retaliation claims will be permitted to proceed; all other claims and Defendants will be dismissed for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

On August 20, 2010, Plaintiff submitted a Complaint alleging that his constitutional rights were violated concerning the Interstate Agreement on Detainers Act ("IAD"), speedy trial claims, detainer claims, and claims regarding his competency hearing and commitment to a mental hospital. Plaintiff also asserted an access to courts claim (docket entry 1).

On March 1, 2011, this Court entered an Opinion and Order dismissing Plaintiff's Complaint without prejudice, (docket entries 3, 4). This Court found that Plaintiff had previously asserted in a prior case his IAD, detainer, and speedy trial claims, and that the claims were not yet exhausted in state court. As to his access to courts claim, this Court found that Plaintiff had not set forth facts indicating an access to courts claim that could pass sua sponte screening. Finally, this Court dismissed certain defendants as immune from suit, and because they were not state actors. Plaintiff was granted leave to file an amended complaint. (Opinion, docket entry 3).

On March 28, 2011, Plaintiff filed a motion to reopen, attaching an amended complaint (docket entry 5). That motion was granted for the Court to screen the Amended Complaint (docket entry 7). Plaintiff's Amended Complaint asserts that immunity does not apply to state court judges in his case; the public defenders were state actors and denied him his Sixth Amendment right to self-representation; his state court remedies are exhausted because there is "an absence of available state corrective process[es]"; Plaintiff was denied his right to self-representation; the IAD was breached when it was unlawfully extended without cause and his case should have been dismissed under the IAD contract; Plaintiff is being held illegally without jurisdiction; Plaintiff was ordered to a mental hospital without a hearing for forty-five days; his

> The plaintiff was trying to notify the federal government of the illegal conduct . . . that was taking place . . ., in addition to other legal mail that was withheld pertaining to the criminal case in New Jersey.
>
> The plaintiff sought to file non-frivolous, underlying legal claims which were connected with his criminal prosecution. But . . . defendants Edmond C. Cicchi and Brian J. Fenyak successfully frustrated said litigation by withholding his mail. The plaintiff wasn't able to receive aid from federal and state government to be removed from the illegal detainment and acts of all defendants.

(Amended Complt., ¶¶ 57-59).

As noted in this Court's prior Opinion:

> In Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court stated that, in order to present a claim for denial of access to courts, the inmate must assert facts showing each of the following three elements: (1) a non-frivolous, underlying legal claim that the inmate was pursuing in connection with his criminal prosecution or his conditions of confinement; (2) that official acts successfully frustrated that litigation; and (3) an actual loss of claim or defense resulted from such official actions, thereby providing grounds by which the court could grant a remedy to compensate for the lost opportunity. See id. at 415. In this case, Plaintiff alleges facts that he was unable to exhaust his state court remedies due to the alleged mail infringements.

(Op., docket entry 3, at 7–8). Here, Plaintiff pleads enough facts to allow this claim to proceed against defendants Cicchi and Fenyak. These defendants will be ordered to answer the access to courts and retaliation claims.

E.   **The Motions Must Be Denied.**

On April 29, 2011, Plaintiff filed the instant Motion for Preliminary Injunction (docket entry 6). In that motion, Plaintiff states that his IAD claims are likely to succeed on the merits; that certain dismissed defendants have proven irreparable harm to him because he was denied access to appeal his state court action; that the United States will be caused irreparable harm by the State of New Jersey because of incarceration costs due to a pending detainer denying him halfway house access; that Plaintiff will lose wages and income; and that the IAD is a contract

that has been breached, and he is likely to succeed on the merits of the breach of contract claim. (Motion, docket entry 6). This Court finds that Plaintiff's motion is essentially reiterating the same claims that he presented in his original complaint, which were dismissed, and presented again in his amended complaint, dismissed above.

On November 21, 2011, Plaintiff filed a Motion for a Writ of Mandamus (docket entry 14) asking this court to grant emergency relief in the form of an "order to stay all proceeding in . . . Superior Court of New Jersey . . . ," (Motion, p. 3 of 13), and that "this court voids any and all previous and/or future court orders issued by the Superior Court of New Jersey in reference to [indictment number]." (Motion, p. 4 of 13). He also asks for his case to be transferred to Philadelphia due to "political connections, public influence, and/or other influential relationships that governor Chris Christie may have with the U.S District Courts in New Jersey as a former U.S. Attorney." (Motion, p. 5 of 13).

Title 28 U.S.C. § 1361 provides that, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 1361 does not confer on this Court jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court. See Urich v. Diefenderfer, 1991 WL 17820 (E.D. Pa. Feb. 11, 1991).

The All Writs Act, 28 U.S.C. § 1651(a) permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Section 1651 does not confer jurisdiction on this Court to issue a writ of mandamus "against state officials for violations of their duties under state law." See Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461 (7th Cir. 1988). While § 1651 permits this

Court to issue a writ of mandamus in aid of its own jurisdiction, it does not confer upon federal courts general jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court. See, e.g., In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir.), cert. denied, 454 U.S. 1098 (1981); Bronson v. Supreme Court of Pennsylvania, 1989 WL 100048 (E.D. Pa. Aug. 25, 1989); In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (and cases cited therein). Such a petition is properly brought before the state court with supervisory power over the allegedly errant court. See Afrika v. Goldman, 1986 WL 9494 (E.D. Pa. Aug. 28, 1986); In re Campbell, 264 F.3d at 732.

Therefore, Plaintiff's Motion for a Writ of Mandamus filed in this federal court, directing state court action, is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's access to courts and retaliation claims are permitted to proceed past screening. Plaintiff's motion for a preliminary injunction and motion for a writ of mandamus are denied.

An appropriate Order accompanies this Opinion.

ANNE E. THOMPSON
United States District Judge

Dated: 12-19-11