NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Brucestan T. JORDAN,

    Plaintiff,

v.

Edmond CICCHI, et al.,

    Defendants.

Civ. No. 10-4398

OPINION

THOMPSON, U.S.D.J.

    This matter appears before the Court on Defendants' motion for summary judgment. (Doc. No. 67). The Court has decided the motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the motion will be granted.

## BACKGROUND

    In 2008, Plaintiff filed a lawsuit against several prison officials for alleged maltreatment. (Doc. No. 67 at 13). In the present suit, Plaintiff alleges that Warden Edmond Cicchi and Brian Fenyak (hereinafter, "Defendants") retaliated against Plaintiff for filing the previous suit by withholding his legal mail and denying him access to the library. (Doc. No. 5 at 1). Plaintiff claims that this retaliation obstructed him from filing state administrative remedies and an appeal of his criminal conviction. (Deposition Transcript of Brucestan Jordan, hereinafter, "Plaintiff's Depo.," at T 250:25, 262:20).[1] In response to the above incidents, Plaintiff brings claims for retaliation and denial of access to courts.

---

[1] Plaintiff was represented by counsel for his federal criminal conviction and appeal.

1

DISCUSSION

**1. Legal Standard**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law [. . .]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n. 2 (3d Cir. 1983). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 250 (quoting Fed.R.Civ.P. 56(e)). The non-movant's burden is rigorous: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatte v. N.J. State Police,* 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg,* 594 F.3d 210, 227 (3d Cir. 2010) (citations omitted) ("[S]peculation and conjecture may not defeat summary judgment.").

**2. Analysis**

a. <u>Retaliation Claim</u>

A prisoner-plaintiff in a retaliation case must prove the following: (1) "that the conduct which led to the alleged retaliation was constitutionally protected;" (2) "that he suffered some 'adverse action' at the hands of the prison officials;" and (3) that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001). Only where the facts are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997).

If the plaintiff sets forth a prima facie case, the burden shifts to the defendant to prove by a preponderance of the evidence that he "would have made the same decision absent the protected conduct for reasons reasonably related to the penological interest." *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002).

Here, Plaintiff has a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Plaintiff testified in his deposition that he suffered an adverse action because he was not given his mail, officials would not send out his mail, and he was denied access to the library. Defendants first attempt to dismiss this testimony on the grounds that it is self-serving. "[C]onclusory, self-serving affidavits [and testimony] are insufficient to withstand a motion for summary judgment." *Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012); *see Irving v. Chester Water Auth.*, 439 Fed. Appx. 125, 127 (3d. Cir. 2011). However, "the issue is not whether Plaintiff has relied solely on his own testimony to challenge [a summary judgment motion], but whether Plaintiff's testimony, when juxtaposed with the other evidence, is sufficient for a rational factfinder to credit Plaintiff's testimony, despite its self-

serving nature." *See Johnson v. MetLife Bank, N.A.*, 883 F. Supp. 2d 542, 549 (E.D. Pa. 2012); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for the purposes of ruling on a motion for summary judgment."). Therefore, the Court must consider the rest of the record.

Defendants submitted an official mail log, which states when Plaintiff's mail was received by the facility, in support of their argument that Plaintiff received his mail. (Doc. No. 67 at 35). However, this log is not dispositive of the mail issue because the log does not state when or if the mail was actually given to Plaintiff. However, Plaintiff's other actions while at the facility do prove that he was allowed access to the mail system and the library. During the period in question, Plaintiff filed pleadings, amended pleadings, motions, and responses to motions in connection with his various legal proceedings. *See*, *e.g.*, *Jordan v. State of New Jersey, et al.*, Civ. No. 3:10-cv-4398. Plaintiff does not show how he could have written pleadings, researched motions, and mailed filings without access to the library and the ability to send and receive mail. Furthermore, the record only shows two instances in which Plaintiff's mail was returned as undeliverable. (Doc. No. 4). Plaintiff was not even housed in the MCACC facility at the time either piece of mail was received but not delivered. Plaintiff also fails to cite to any specific parts of the record upon which a reasonable jury could rely in returning a verdict in his favor. *See Orsatte*, 71 F.3d at 484 (non-movant "must point to concrete evidence in the record"). For the reasons set forth above, Plaintiff has not shown any genuine dispute of material fact regarding his access to the mail or library.

In addition, Plaintiff has not shown that the constitutionally protected conduct was a substantial or motivating factor in any decision affecting his access to the mail or library.

4

Plaintiff's only argument for causation is that he engaged in a constitutionally protected activity and suffered harm at a later date. Therefore, Plaintiff has failed to provide sufficient evidence upon which a reasonable jury could find that any party chose to withhold his mail or library access *in response to* the lawsuit. *See Krouse*, 126 F.3d at 503 (temporal proximity, standing alone, is only sufficient when facts are "unusually suggestive" of a retaliatory motive).

Finally, Plaintiff has also not shown that Defendants, both of whom acted in a supervisory capacity, played a personal role in the alleged harms. "Supervisory personnel or administrators cannot be liable for damages under § 1983 on a theory of respondeat superior; rather, they must have played some personal role in causing a plaintiffs alleged harms." *Ingalls v. Florio*, 968 F. Supp. 193, 196 (D.N.J. 1997). "A civil rights plaintiff must establish an "affirmative link" between the claimed deprivation and the official sued." *Id*. Here, Plaintiff has not shown any affirmative link between the harm alleged here and any actions on behalf of Defendants.

Accordingly, summary judgment will be granted Defendants' favor.

b. <u>Access to Courts Claim</u>

For the reasons discussed above, Plaintiff has failed to show that he was denied access to the courts or that Defendants played a personal role in the alleged harm. Therefore, summary judgment will be granted with respect to this claim.

## CONCLUSION

For the reasons set forth above, the motion will be granted.

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Dated: 5/12/14

5