NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Brucestan T. JORDAN, | |
| Plaintiff, | |
| | Civ. No. 10-4398 |
| v. | |
| Edmond CICCHI, et al., | |
| | OPINION |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter appears before the Court on *pro se* Plaintiff Brucestan Jordan's motion for

reconsideration.  (Doc. No. 82).  Defendants oppose the motion.  (Doc. No. 838).  The Court has

decided the motion after considering the parties' written submissions and without oral argument

pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons given below, Plaintiff's

motion is denied.

BACKGROUND

On May 16, 2014, this Court granted Defendants' motion for summary judgment.  (Doc.

No. 79).  On June 17, 2014, Plaintiff filed the motion for reconsideration currently before the

Court.  (Doc. No. 82).

DISCUSSION

"It is well-established in this district that a motion for reconsideration is an extremely

limited procedural vehicle."  *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831

(D.N.J. 1992).  To prevail on a motion for reconsideration, the movant must show one of the

following: (1) an intervening change in controlling law; (2) the availability of new evidence that

1

was not available when the court rendered judgment; or (3) a need to correct a clear error of law

or fact or to prevent manifest injustice.  *Max's Seafood Café ex rel. Lou–Ann, Inc.*, *v. Quinteros,*

176 F.3d 669, 677 (3d Cir. 1999).  Under the third prong, the movant must show that "dispositive

factual matters or controlling decisions of law were brought to the court's attention but not

considered."  *P. Schoenfeld Asset Management LLC v. Cendant Corp.,* 161 F. Supp. 2d 349, 353

(D.N.J. 2001) (internal quotations and citations omitted).

Here, Plaintiff fails to show that there was an intervening change in law, that any material

evidence was previously unavailable, or that the Court made a clear error of law or fact.  After

thorough review of the record and Plaintiff's arguments, the Court finds that Plaintiff has not met

the standard for a motion for reconsideration.

CONCLUSION

For the reasons set forth above, the motion is denied.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J


Dated: July 5, 2014

2